UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS LONG and RENEE
HODGES, individually, and on
behalf of all other similarly situated
Genesee County Jail Detainees,

    Plaintiffs,

vs.                                  Case No.
                                          Hon.

ROBERT J. PICKELL, Sheriff,
Genesee County Jail; sued in his
Official capacities,

    Defendant.
_____/

**COMPLAINT FOR CLASS CERTIFICATION AND
FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Parties**

1.    Plaintiff DOUGLAS LONG (hereafter Long) at all times relevant is/was a prisoner with the Genesee County Jail (hereafter Jail) who has been and is currently being subjected to the toxic water in violation of the the Fourteenth and Eighth Amendments.

2.    Plaintiff RENEE HODGES (hereafter Hodges) is/was at all times relevant a person confined at the Jail who has been and is currently being subjected

1

to tosic water the Flint City in violation of the Fourteenth and Eighth Amendments. Hodges is currently 15 weeks pregnant.

3. Defendant ROBER J. PICKELL, Sheriff (hereafter Pickell) is/was at all times relevant was the Sheriff of the Genesee County Jail. He is being sued in his official capacity and was at all times acting under color of state law. He is responsible for the overall operation of the Jail, which includes providing of clean and safe water for consumption, bathing and food preparation for those confined at the Jail.

## Jurisdiction

4. This Court has jurisdiction over this case pursuant to 42 U.S.C. Sec. 1331 and 1343; 28 U.S.C. Sec. 2201; and Federal Rules of Civil Procedure 57 and 65. This action is brought pursuant to 42 U.S.C. Sec. 1983.

## Class Allegations

5. The named Plaintiffs intend to proceed, pursuant to Fed. R. Civ. P. 23, on behalf of all other persons similarly situated in obtaining declaratory relief and an injunction against the Defendant as to the present policies and/or practices of denying and delaying the provision of clean and safe water for personal consumption by the detainees, for use in showering by the detainees, and for use in cooking and baking of food for consumption by the detainees.

6.   The named Plaintiffs and the proposed classes are claiming that the Defendant has created systemic deficiencies in the providing of safe and clean water to the detainees. The present and future detainees subjected to this unsafe water that will impact negatively health impacts as a result of Defendant's deficiencies in violation of the Fourteenth and Eighth Amendments.

7.   Faced with overwhelming evidence that the water was unsafe to drink and was a source of lead poisoning for children of Flint and other vulnerable persons, Genesee County Health Officials, on October 1, 2015, issued a public health emergency on October 1, 2015 and advised Flint residents not to drink the tap water.

8.   In sprite of this declared public health emergency, Defendant provided Plaintiffs and the proposed class members 9 days worth of bottled water throughout the months of October, November and December of 2015. After Defendant discontinued providing bottled water, detainees within the Jail were required to drink, shower, and consume good prepared with the toxic tap water.

9.   Because Defendant's policy choice to discontinue providing bottled water, the named Plaintiffs and the proposed class members have been and will likely be subjected to toxic water provided to the City of Flint including the toxic substance contained in that water.

10. The Defendant is directly responsible for the care of the named Plaintiffs, and the proposed class members, and these individuals will or have suffered as a result of the Defendant's failures to provide safe water enumerated in this complaint.

11. Because Plaintiffs and the proposed class members have no choice but to consume and bathe in toxic water provided to the City of Flint, these conditions violate the Eighth and Fourteenth Amendments. The Defendant is directly responsible for subjecting the named Plaintiffs and the proposed class member to the unconstitutional conditions of being forced to consume and use toxic water provided by the City of Flint.

12. The Defendant is directly responsible for designating what water is provided to prisoners confined at the Jail, and are directly responsible for the care of the named Plaintiffs and the proposed class members, who have all suffered, and will suffer, as a result of the failures enumerated in this complaint.

13. The Defendant has known from at least April of 2014 that the water being provided to those confined at the Genesee County Jail contained toxic substances that were likely to adversely affect the health of those confined at the Jail.

14. The Defendant refused to replace this toxic water being provided to the Jail with safe water for drinking, hygiene purposes and cooking food to be provided to those confined solely for fiscal reasons.

15. The proposed class is composed of all past, present and future detainees who have or will consume, bathe in, and eat food prepared at the jail using the toxic water from the City of Flint, in violation of the Fourteenth and Eighth Amendments.

16. Plaintiffs seek certification of one class consisting of all persons confined presently and in the future at the Genesee County Jail.

17. The maintenance of the instant action as a class action will be superior to individual litigation by promoting convenient and efficient administration of justice.

18. By requiring the named Plaintiffs and the proposed class members to bathe in and consume the toxic water, Defendant has subjected the named Plaintiffs and the proposed class members to deliberate indifference.

19. The proposed class of prisoners similarly situated to the named Plaintiffs is so numerous, it is impractical to list or bring all members before the court. On information and belief, there are approximately 500 individuals confined at the Jail at any one time, if not more, who are class members similarly situated to

the named Plaintiffs, in that, they have been required to consume water provided through the water pipes of the City of Flint. This water contains toxic substances that can adversely effect those consuming such water..

20. The named Plaintiffs and their counsel will fully and adequately represent the interests of all the members of the proposed class. Counsel Manville specializes in the area of prisoners' rights and has litigated other class action lawsuits.

21. The nature of the right sought to be enforced by the named Plaintiffs is typical of all of the members of the proposed class because there are common questions of law and fact that predominate over questions affecting only members and common relief is sought.

## Factual Allegations

22. Starting in 2014, the Defendant was aware of the toxic conditions of the water being provided to those confined at the Jail.

23. Even with the knowledge that consumption of this water by the detainees could adversely affect their medical conditions, Defendant took no steps to provide clean and safe water to those presently confined or to those confined in the future.

24. Even with the knowledge that use of the water from the City of Flint for hygiene purposes by the detainees could adversely affect their preexisting medical conditions, Defendant took no steps to provide clean and safe water to those presently confined or to those confined in the future.

25. Even with the knowledge that use of the water from the City of Flint for purposes of food preparation and consumption by the detainees could adversely affect their medical conditions, Defendant took no steps to provide clean and safe water for such food preparation, which food was then provided to those presently confined or to those confined in the future.

26. Faced with overwhelming evidence that the water was unsafe to drink and a source of lead poisoning for children of Flint and other vulnerable persons, Genesee County Health Officials, on October 1, 2015, issued a public health emergency advising Flint residents not to drink the tap water.

27. In October of 2015, Defendant Pickell purchased approximately $5000 of bottled water and approximately $5000 of dry food that was then provided to those confined at the Jail.

28. However, those purchases by the Defendant Pickell lasted approximately 9 days and Plaintiff Long and proposed class members were required to return to consumption of tap water provided by the City of Flint.

29. Until the beginning of January of 2016, both named Plaintiffs and the proposed class members were required to drink, to bathe in, and consume food prepared with the tap water from the City of Flint.

30. Starting in January of 2016, Defendant has been providing named Plaintiffs and the proposed class members with up to 4 bottles of water per day.

31. Defendant Pickell claims that the tap water was turned off at the Jail in January of 2016, however, this is likely not accurate. The tap water continued to be used for showers and in sinks within the Jail in January of 2016. It is unclear whether the tap water was still being used for preparation of food in January of 2016 but food was being prepared at the Jail.

32. The bottled water being provided by the Defendant is water that has been donated to the Jail.

33. There is no guarantee how long the donated water will continue to be provided to the Jail.

34. There has been no budget increase or other money allotted to the Defendant to ensure that such bottled water will continue to be provided to those confined at the Jail in the future.

35. Starting in January of 2016, the named Plaintiff and proposed class members were required to use tap water from the City of Flint. This practice continues as this lawsuit is filed.

36. Even though the Defendant haw taken minor steps to improve the water conditions at the Jail, the named Plaintiffs and proposed class members continue to be subjected to unconstitutional conditions. There is no assurance that once the donation of bottled water decreases or ceases that those confined at the Jail will not be required to return to consuming and using toxic tap water.

37. As a proximate result of Defendant's actions or non-actions, as set forth *supra*, the named Plaintiffs and proposed class members may experience serious physical injuries due to their exposures to the toxic water, including but not limited to:

    a. High levels of lead and copper in their bloodstreams, brains, bones and other organs;

    b. Chemical induced hypertension;

    c. Autoimmune disorder;

    d. Neurological disorder, such as the "brain fog", seizure like convulsions, vision loss, memory loss;

  e. Psychological disorders such as depression, chronic anxiety, post-traumatic stress disorder and an inability to cope with normal stress.

38. The named Plaintiffs and the proposed class members have been subjected to unconstitutional conditions in violation of the Fourteenth and Eighth Amendments.

## Relief

WHEREFORE, for the reasons stated above, this Court should:

 A. Accept jurisdiction of this matter;

 B. Certify this matter as a class action;

 C. Declare that the rights of Plaintiffs and class members were violated by the actions or non-actions of the Defendant;

 D. Find that the policy of the Jail in providing of water from the Flint water system is unconstitutional because Plaintiffs and the proposed class members are subjected to water that can or will negatively affect their health.

 E. Issue an injunction requiring the Defendant to provide safe and clean water to all those confined presently and in the future at the Jail; to provide safe and clean water to maintain daily hygiene; and to prepare all food in water that is safe and clean.

 F. To award attorneys' fees and costs;

G.  To grant any other relief that is just and equitable.

Respectfully submitted:

Counsel for Plaintiffs

/s/ Daniel E. Manville
Daniel Manville (P39731)
Director, Civil Rights Clinic

Lauren Dyer
Dominique Augustus
Ryan Fowler
Clinical Law Students

Michigan State University College of Law
610 Abbott Road
East Lansing, Michigan 48823
(517) 336-8088, Ext. 1137
daniel.manville@law.msu.edu