## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DOUGLAS LONG, RENEE HODGES,
and NAOMI ANTHONY individually,

        Plaintiffs,

vs.
                              Case No. 4:16-cv-10842-AC-SDD
                              Hon. Avern Cohn

ROBERT J. PICKELL, Sheriff,
Genesee County Jail, sued in his
official capacity,

        Defendant

_____/

## CONSENT DECREE

### I. Background

1.  This Consent Decree resolves a civil action brought by named Plaintiffs Douglas Long, Renee Hodges, and Naomi Anthony ("Plaintiffs") against Defendant, Robert J. Pickell, Sheriff of Genesee County ("Defendant").

2.  In their Complaint filed March 8, 2016, Plaintiffs allege that Defendant required detainees within the Genesee County Jail ("Jail") to consume, use, and bathe in lead-contaminated water from the City of Flint following the declaration of a public health emergency on October 1, 2015 by Genesee County Health Officials.

3.  Defendant denies the allegations that detainees have consumed lead-contaminated water because he has supplied bottled water to detainees and has prepared food using bottled water since January 2016, and has continued to do so throughout the pendency of this civil action.

1

4. The Plaintiffs and Defendant (collectively, "the Parties") agree that it is in the Parties' best interests and the public interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Plaintiffs' Complaint.

5. The Parties also agree that this Consent Decree shall not and does not constitute an admission of negligence, wrongdoing, or any violation of state or federal laws or regulations.

Accordingly, the Parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ADOPTS THE FOLLOWING AS THE CONSENT DECREE BETWEEN THE PARTIES:

## II. Jurisdiction

6. This Court has jurisdiction over this action pursuant to 28 U.S.C Sec. 1331 and 1343; 28 U.S.C. Sec. 2201; and Federal Rules of Civil Procedure 57 and 65. This action was brought pursuant to 42 U.S.C. Sec. 1983.

## III. Relief Requested

7. Defendant, his officers, agents, affiliates, subsidiaries, servants, employees, successors, assigns, those persons in active concert or participation with defendant, and all other persons within the scope of Federal Rule of Civil Procedure 65, shall not require detainees held in the Jail, including Plaintiffs, to consume lead contaminated water from the City of Flint. This includes consumption of water for drinking or for the preparation of food. "Lead contaminated water" is defined in this Consent Decree as water from the City of Flint containing more than fifteen (15) parts per billion of lead contaminant.

8. Defendant agrees to continue providing Plaintiffs and all detainees with bottled water for drinking and will continue utilizing bottled water for food preparation for the duration of this Consent Decree subject to the testing procedure described below.

2

9. Within 14 days of the effective date of this Consent Decree, Defendant agrees to test the water at no less than 5 locations within the Jail, including at least three locations that are inhabited by inmates, to obtain baseline test results.

10.Following the baseline test, Defendant agrees to retest several locations, including at least three locations that are inhabited by inmates, within the Jail every 14 days for an eight (8) week period. Copies of test results shall be e-mailed or faxed to Plaintiffs' Counsel no later than forty-eight (48) hours after the results have been received by Defendant.

11.If a test location tests positive for lead contamination as defined in paragraph 7 above, Defendant will take steps to clear that location of contamination, and that location will be retested every 10 days until a test result of lead contaminant levels less than fifteen (15) parts per billion is obtained.

12.If the tests for all eight (8) consecutive weeks produce results of lead contaminant levels less than fifteen (15) parts per billion, Defendant may at that time provide to the Plaintiffs and other detainees water from the Flint water system for all uses. Following this eight (8) week period, the Defendant will test the water at the Jail in several locations, including at least three locations inhabited by inmates, once a month for the next ten (10) months, or until notified by the Genesee County Health Department or the State of Michigan that the water is safe for consumption.

13.If at least one (1) of Defendant's tests returns a result of lead contaminant levels greater than fifteen (15) parts per billion, Defendant will take steps to clear the affected location of contamination and retest. If a test result of lead contaminant levels less than fifteen (15) parts per billion is obtained within 10 days of the receipt of the lead contaminated test result, then Defendant may continue providing water from the Flint water system. If the location continues to produce a result of lead contaminant levels over fifteen (15) parts per billion at ten days, then Defendant will again provide to Plaintiffs and other detainees within the Jail bottled water and will use bottled water for food preparation. Defendant must repeat the procedure

3

laid out in paragraphs 10 - 12 of this Consent Decree before detainees can be returned to water from the Flint water system.  Plaintiffs and detainees within the Jail shall receive at least one hundred twenty-eight (128) ounces of bottled water per day if not provided tap water.

14. Counsel reserves the right to visit to speak to Plaintiffs within the Jail regarding the Jail water supply for the duration of this Consent Decree.  In the event that the current named plaintiffs are released from the Genesee County Jail, Attorney Manville reserves the right to substitute them with at least one male and one female who are detained in the Genesee County jail. The detainees who replace the named plaintiffs need to have been in the jail long enough to understand the jail practices in regards to water consumption. Attorney Manville shall be allowed to meet with the substituted detainees as if they were his regular clients.

### IV. Implementation and Enforcement

15. Failure by Defendant to implement any provision of this Consent Decree shall result in Plaintiff seeking the appropriate legal remedy to enforce this Consent Decree.

16. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

17. Plaintiffs' Counsel may review Defendant's compliance with this Consent Decree at any time. If Counsel believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with Defendant and the Parties will attempt to resolve those concerns in good faith. Plaintiff's Counsel will give Defendant thirty (30) days from the date it notifies Defendant of any breach of this Consent Decree to cure that breach before filing a motion for contempt or taking any other enforcement action.

18. This Consent Decree shall be binding upon Defendant, his officers, agents, affiliates, subsidiaries, servants, employees, successors, assigns, those persons in active concert or participation with Defendant, and all other persons within the scope of Federal Rule of Civil Procedure 65.

4

19. A signatory to this document in a representative capacity for Defendant represents that he or she is authorized to bind Defendant to this Consent Decree.

20. This Consent Decree constitutes the entire agreement between Plaintiffs and Defendant on the matters raised herein. No other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, including its attachments, shall be enforceable.

21. This Consent Decree is not intended to remedy any other potential violations of any other law that is not specifically addressed in this Consent Decree.

22. A copy of this Consent Decree or any information contained herein shall be posted in each housing unit of the Jail and may be made available to any person. Defendant shall provide a copy of this Consent Decree to any person upon request.

23. Based on the agreement of the Defendant to enter this Consent Decree, Plaintiffs agree to waiver any attorneys' fees or costs incurred in obtaining this Consent Decree. However, if any enforcement action is necessary to ensure compliance with this Consent Decree, Plaintiffs reserve the right to seeks attorneys' fees or costs for seeking such enforcement.

24. The effective date of this Consent Decree is the date the Court enters this Consent Decree.

25. The duration of this Consent Decree will be one (1) year from the effective date, or when the Genesee County Health Department or the State of Michigan declare the city water to be safe, whichever occurs first.


[SIGNATURE PAGE FOLLOWS]


5

AGREED AND CONSENTED TO:

Counsel for Plaintiffs
Daniel Manville (P39731)
Director, Civil Rights Clinic
MSU College of Law
610 Abbott Road
East Lansing, Michigan 48823
(517) 336-8088, Ext. 1137
daniel.manville@law.msu.edu

Sheriff Robert Pickell
Genesee County Jail
1002 S. Saginaw St.,
Flint, MI 48502

Approved as to form:

Office of the Prosecuting Attorney-Civil Division

SO ORDERED.

Dated:   June 23, 2016

AVERN COHN
UNITED STATES DISTRICT JUDGE

6